UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACOB ISRAEL BOSSIRA,

                Plaintiff,

        -against-

THE STATE OF ISRAEL, ET AL.,

                Defendants.

26-CV-1700 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jacob Israel Bossira, a citizen and resident of the State of Israel, brings this action against approximately 72 named defendants, as well as 350 John/Jane Does, and 100 unnamed "Pharmaceutical Enterprises" (ECF 1, at 1), asserting claims under the civil enforcement provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964. Among the Defendants named are the State of Israel, the "Israeli Judiciary," the Israeli Attorney General, various Israeli governmental agencies, an Israeli judge, numerous Israeli social workers, the American Psychological Association, the United States Department of State, and Rockefeller Philanthropy Advisors.

Plaintiff initiated this action by filing a single document which included: (1) a complaint; (2) an emergency motion to proceed *in forma pauperis* ("IFP")[1]; (3) an emergency motion for the appointment of counsel; (4) an emergency motion for substitute service of process and protective order; (5) an emergency motion for prejudgment attachment; and (6) an "emergency motion for issuance of federal arrest warrants and referral for criminal prosecution" (*id.* at 35). For the reasons set forth below, the Court denies Plaintiff's motions.

---

[1] By separate order, the Court granted Plaintiff's IFP application.

## DISCUSSION

### A.      Preliminary injunctive relief

Because Plaintiff styles his documents as seeking emergency relief, and because, in his complaint, he requests "immediate" injunctive relief, the Court construes the complaint as including a request for preliminary injunctive relief. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Plaintiff's claims arise from his contention that the Israeli government, in conspiracy with the other defendants, formed a criminal enterprise "with the common purpose of systemically sabotaging the Plaintiff's claims [in Israeli courts], stealing his revolutionary intellectual property . . . , extorting his financial assets, kidnapping his children,[] and silencing him through a fraudulent psychiatric bounty system." (ECF 1, at 5.) Plaintiff alleges that a judicial officer in an Israeli court committed "extortion" when she told him that he must pay the fine stemming from a judgment entered against him or go to jail. (*Id.* at 13.) He also alleges that a judge, again in an Israeli court, engaged in "kidnapping and hostage taking" when she issued an order, which Plaintiff maintains was unlawful, directing the removal

of Plaintiff's children from his custody. (*Id.* at 17.) Plaintiff further maintains that the American

Psychological Association and unnamed pharmaceutical companies, who are also participants in

the criminal enterprise, committed mail and wire fraud when they "used U.S. mail and wires" to

publish the Diagnostic and Statistical Manual of Mental Disorders ("DSM"), which the Israeli

Defendants used "to justify the forcible removal and drugging of the Plaintiff's children." (*Id.*)

Among other deficiencies, the allegations in Plaintiff's complaint are insufficient to

demonstrate that he has standing to bring a civil RICO claim. The civil RICO statute provides a

cause of action for "[a]ny person injured in his business or property by reason of a violation of

section 1962." 18 U.S.C. § 1964(c). In order to have standing to bring such a claim, "a plaintiff

must show: (1) a violation of [18 U.S.C. § 1962];[2] (2) injury to business or property; and

(3) causation of the injury by the violation." *Hecht v. Com. Clearing House, Inc.*, 897 F.2d 21, 23

(2d Cir. 1990). Even if the Court assumes that Plaintiff has shown a violation of Section 1962,

which is not at all clear from the Complaint, he has not demonstrated an injury to his business or

property. The Supreme Court has held that "Section 1964(c) requires a civil RICO plaintiff to

allege and prove a *domestic injury* to business or property and does not allow recovery for

*foreign injuries*." *RJR Nabisco v. Eur. Cmty.*, 579 U.S. 325, 354 (2016) (emphasis added). Here,

virtually all of the injuries Plaintiff sustained, whether to his business or property or otherwise,

occurred in Israel. The only exception is Plaintiff's vague allegation that a 2002 judgment of the

Supreme Court of Israel—which Plaintiff asserts was "a forgery" (ECF 1, at 12)—somehow

---

[2] To allege a violation of Section 1962, a plaintiff must allege, "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 17 (2d Cir. 1983) (quoting 18 U.S.C. § 1962(a)-(c)).

prevented him from marketing technology "in clean energy and solar-based computing" (*id.*) that he developed and that "was intended for the U.S. market" (*id.* at 40). Plaintiff's singular, vague reference to possible economic injury in the United States is insufficient to satisfy the injury requirement of Section 1964(c). *See McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 227 (2d Cir. 2008) ("[A] plaintiff asserting a claim under 18 U.S.C. § 1964(c) must allege *actual*, quantifiable injury."), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 659 (2008)); *Beter v. Murdoch*, No. 17 CV 10247, 2018 WL 3323162, at *5 (S.D.N.Y. June 22, 2018) (explaining that "conclusory allegations of injury to pecuniary interest will not suffice" under Section 1964(c) (internal quotations omitted)), *aff'd*, 771 F. App'x 62 (2d Cir. 2019). Rather, "a showing of 'injury' requires proof of *concrete financial loss*." *Beter*, 2018 WL 3323162, at *5 (emphasis added). Because Plaintiff has not alleged facts demonstrating an actual injury to his business or property in the United States, he does not satisfy Section 1964(c)'s injury requirement, and, therefore, does not show a likelihood of success on the merits. Accordingly, the Court denies Plaintiff's request for preliminary injunctive relief.

**B.    Motion for appointment of counsel**

Under the IFP statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because the Court has concluded that Plaintiff has not

4

shown a likelihood of success on the merits at this time, Plaintiff's motion for counsel is denied without prejudice.

**C.      Motion for substitute service and protective order**

Under the IFP statute, the court must screen every IFP complaint, and dismiss any complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The court has not yet screened Plaintiff's complaint under the IFP statute, and it would be "premature to order service" before the court fulfills that statutory obligation. *McClellon v. Lemonade Ins. Co.*, No. 24-CV-8617 (LTS), 2025 WL 2988498, at *1 (S.D.N.Y. Sept. 11, 2025). The Court therefore denies Plaintiff's request for substitute service without prejudice to renewal after the court screens the complaint, at which time it will, if necessary, direct that summonses be issued.

Plaintiff also requests a protective order "prohibiting the Defendants from using police or security forces to harass, arrest, or seize the legal materials of the Plaintiff or anyone acting on his behalf during the pendency of this action." (ECF 1, at 31.) The Court denies this request for the same reason it denied Plaintiff's other requests for preliminary injunctive relief, that is, his submissions do not demonstrate a likelihood of success on the merits, or sufficiently serious questions going to the merits to make them a fair ground for litigation, and a balance of hardships tipping decidedly in his favor. Moreover, Plaintiff provides no legal basis on which this Court could enjoin the police forces of another sovereign nation.

**D.      Motion for prejudgment attachment of assets**

Plaintiff requests an order "preventing the Defendants from continuing to use American investor funds to finance their racketeering activities and to ensure that assets remain available to satisfy any judgment Plaintiff may obtain." (ECF 1, at 32.) Plaintiff bases his request on 18

5

U.S.C. § 1963(d) and Rule 64 of the Federal Rules of Civil Procedure. Section 1963(d) governs criminal penalties for a RICO violation, and is therefore inapplicable to Plaintiff's civil claim.

Rule 64 provides that "every remedy that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a). Section 6212 of the New York Civil Practice and Rules governs attachment in New York. *See Silverman v. Miranda*, 116 F. Supp. 3d 289, 310 (S.D.N.Y. 2015). A plaintiff must meet a high burden in order to prove a right to attachment, and in New York "attachment statutes are construed strictly against those who seek to invoke the remedy." *In re Amaranth Nat. Gas Commodities Litig.*, 711 F. Supp. 2d 301, 305 (S.D.N.Y. 2010) (citations omitted).

> To be successful on a motion for attachment, a plaintiff must demonstrate (1) that there is a cause of action; (2) that it is probable that plaintiff will succeed on the merits; (3) that one or more grounds for attachment provided in Section 6201 exist; and (4) that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff.

*Silverman v. Miranda*, 116 F. Supp. 3d 289, 310 (S.D.N.Y. 2015) (internal quotation marks and citation omitted).

Here, even if the Court assumes that Plaintiff can satisfy the remaining factors, Plaintiff has not demonstrated that it is probable that he will succeed on the merits for reasons discussed above. The Court therefore denies his request for prejudgment attachment without prejudice.

E.     **Requests for arrest warrants**

Plaintiff requests that the Court issue arrest warrants for Defendants and refer them for criminal prosecution. However, Plaintiff cannot initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff or the Court direct prosecuting attorneys to initiate a criminal proceeding against Defendant, because prosecutors

6

possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). The Court therefore denies Plaintiff's request for arrest warrants.

**F.      Warning**

Plaintiff has filed five "emergency" motions along with his IFP complaint. If Plaintiff continues to file nonmeritorious motions seeking preliminary emergency relief before the court fulfills its screening obligations under Section 1915, the Court may direct Plaintiff to show cause why he should not be barred from submitting further motions in this action without first obtaining permission to file from the court. *See* 28 U.S.C. § 1651.

**CONCLUSION**

The Court construes Plaintiff's complaint as including a request for preliminary injunctive relief, and denies that request. (ECF 1.)

The Court also denies Plaintiff's motion for the appointment of counsel, motion for substitute service of process and protective order, motion for prejudgment attachment, and motion for the court to issue arrest warrants and refer Defendants for criminal prosecution. (ECF 1.)

Plaintiff is warned that, if he continues to file nonmeritorious motions seeking preliminary emergency relief before the court fulfills its screening obligations under Section 1915, the Court may direct Plaintiff to show cause why he should not be barred from submitting further motions in this action without first obtaining permission to file from the court. *See* 28 U.S.C. § 1651.

Because Plaintiff states that he does not have a fixed address, the Court directs the Clerk of Court to email a copy of this order to Plaintiff at bossira888@gmail.com.

The Court strongly encourages Plaintiff to complete the attached Consent to Electronic Service form.[3]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    March 5, 2026
          New York, New York

          /s/ Laura Taylor Swain
          LAURA TAYLOR SWAIN
          Chief United States District Judge

---

[3] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

## CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

Please list all your pending and terminated cases to which you would like this consent to apply. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)


_____
Address            City            State            Zip Code


_____
Telephone Number            E-mail Address


_____
Date            Signature


**Click Here to Save**