UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACOB ISRAEL BOSSIRA,

                       Plaintiff,

          -against-

THE STATE OF ISRAEL, ET AL.,

                    Defendants.

26-CV-1700 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jacob Israel Bossira, who is a citizen and resident of the State of Israel, brings this action against approximately 72 named defendants, as well as 350 John/Jane Does, and 100 unnamed "Pharmaceutical Enterprises" (ECF 1, at 1), asserting claims under the civil enforcement provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). By order dated March 5, 2026, the Court denied various motions filed by Plaintiff, including a request for emergency preliminary injunctive relief, a motion for appointment of counsel, a "motion for substitute service and protective order," a motion for "prejudgment attachment of assets," and a request that the court issue "arrest warrants" for Defendants. (ECF 4.)

In denying Plaintiff's request for preliminary injunctive relief, the Court held that Plaintiff's complaint did not show a likelihood of success on the merits because Plaintiff's allegations did not satisfy the injury requirement to bring a civil RICO claim. (*Id.* at 2-4.) Additionally, based on Plaintiff's filing of five nonmeritorious "emergency" preliminary motions, the Court warned him that if he continues to file nonmeritorious motions seeking preliminary relief before the court fully screens his complaint under the IFP statute, the Court may direct Plaintiff to show cause why he should not be barred from submitting further motions in this action without first obtaining permission to file from the court. (*Id.* at 7.)

Notwithstanding the Court's warning, on April 23, 2026, Plaintiff filed an "Omnibus Motion for Extension of Time to Effect Service and for Reconsideration of Appointment of Counsel." (ECF 5.) The Court denies Plaintiff's motion for an extension of time to effect service as unnecessary, because the Court has not directed the Clerk of Court to issue summons or issued an order directing that Defendants be served. As explained in the Court's March 5, 2026 order, because Plaintiff is proceeding IFP, the court is required to screen the complaint, and dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). As the Court has previously explained to Plaintiff, it will not direct the Clerk of Court to issue summonses or direct service on Defendants until it has completed the statutory-mandated screening process.

The Court denies Plaintiff's motion for the court to request pro bono counsel for the same reason it dismissed his previous, identical request. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. As the Court found in its previous order, Plaintiff has not shown a likelihood of success on the merits at this time. Nothing has changed since that order was issued. The Court therefore denies Plaintiff's motion for the Court to request counsel without prejudice.

The Court's March 6, 2026 warning remains in effect.

2

**CONCLUSION**

The Court denies Plaintiff's motion to extend the time to effect service and his motion for court to request pro bono counsel. (ECF 5.)

The Court's March 6, 2026 warning remains in effect.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 24, 2026
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge