UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACOB ISRAEL BOSSIRA,

                Plaintiff,

        -against-

THE STATE OF ISRAEL, ET AL.,

                Defendants.

26-CV-1700 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jacob Israel Bossira brings this action *pro se* and *in forma pauperis* ("IFP"). By order dated March 5, 2026, the Court denied Plaintiff's request for preliminary injunctive relief, as well as his motions for the appointment of counsel, substitute service of process, a protective order, prejudgment attachment, and for the Court to issue arrest warrants. (ECF 4.) With respect to Plaintiff's request for substitute service, the Court explained that, because Plaintiff is proceeding IFP, the IFP statute requires the court to screen the complaint, and dismiss any complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Because the Court had not yet screened Plaintiff's complaint under the IFP statute, the Court held it would be premature to order service before fulfilling its statutory obligation. The Court also warned Plaintiff that if Plaintiff continued to file nonmeritorious motions seeking preliminary emergency relief before the court fulfills its screening obligations under Section 1915, the Court may direct Plaintiff to show cause why he should not be barred from submitting further motions in this action without first obtaining permission to file from the court. *See* 28 U.S.C. § 1651.

Notwithstanding the Court's warning, on April 23, 2026, Plaintiff filed an "Omnibus Motion for Extension of Time to Effect Service and for reconsideration of Appointment of Counsel" (ECF 5), which the Court denied by order dated April 24, 2026 (ECF 6). In that order, the Court again explained the IFP screening requirements, and stated that it would not direct the Clerk of Court to issue summonses or serve Defendants until it had completed the statutory screening process. The Court also reiterated its previous warning.

On May 27, 2026, Plaintiff filed another motion in which he seeks (1) an extension of time to file an amended complaint; (2) a temporary stay of "all proceedings pending resolution of this motion"; and (3) appointment of counsel. (ECF 7, at 2.)

As the Court has repeatedly explained to Plaintiff, it has not completed screening of the complaint as required by the IFP statute, and, therefore, has not directed Plaintiff to file an amended complaint. If Plaintiff seeks to file an amended complaint, which he may do once prior to 21 days after service of the complaint, *see* Fed. R. Civ. P. 15(a)(1)(A), the Court grants him 30 days from the date of this order to do so. If Plaintiff does not file an amended complaint within the time prescribed, the Court will treat the original complaint as the operative pleading.

The Court denies Plaintiff's request to stay this action pending resolution of his motion as moot because this order resolves his motion.

The Court denies Plaintiff's motion for the court to request pro bono counsel for the same reasons it denied his previous two requests for the same relief. (*See* ECF 4, at 4-5; ECF 6, at 2.)

The Court's March 6, 2026 warning remains in effect.

## CONCLUSION

The Court denies Plaintiff's motion. (ECF 7.)

If Plaintiff wishes to file an amended complaint, the Court directs him to file his amended complaint within 30 days of the date of this order. If Plaintiff does not file an amended complaint within the time prescribed, the Court will treat the original complaint as the operative pleading.

The Court's March 6, 2026 warning remains in effect.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    May 29, 2026
          New York, New York

            /s/ Laura Taylor Swain
            LAURA TAYLOR SWAIN
            Chief United States District Judge

3