UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JACOB ISRAEL BOSSIRA; JACOBS POWER LTD.,

Plaintiffs,

-against-

THE STATE OF ISRAEL, ET AL.,

Defendants.

26-CV-1700 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jacob Israel Bossira, who is a resident and citizen of the State of Israel, brings this action *pro se* and *in forma pauperis*, asserting claims against dozens of defendants in the United States and various other countries under the civil provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). By order dated March 5, 2026, the Court denied multiple motions filed by Plaintiff, including his first request for preliminary injunctive relief.[1] (ECF 4.) By order dated May 29, 2026, the Court denied several additional motions filed by Plaintiff, and granted his request to file an amended complaint within 30 days. (ECF 8.)

On June 28, 2026, Plaintiff filed a 168-page amended complaint, again asserting RICO claims against dozens of defendants located throughout the world.[2] (ECF 9.) Along with the

[1] In denying Plaintiff's motion for preliminary injunctive relief, the Court held that Plaintiff did not show a likelihood of success on the merits of his claims because he did not allege facts demonstrating that he had standing to pursue his RICO claims. (*See* ECF 4, at 2-4.)

[2] In the amended complaint, Plaintiff Bossira also attempts to assert claims on behalf of his company, Jacobs Power Ltd. As a non-attorney, however, Bossira likely cannot assert claims on behalf of Jacobs Power Ltd. While "some courts allow sole proprietorships to proceed *pro se* [because] a sole proprietorship has no legal existence apart from its owner," *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (citation omitted), courts generally do not allow corporations, partnerships, associations, and other artificial entities to appear in court without an attorney, *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202-03 (1993). "[S]hareholders and members of limited liability companies—even sole shareholders and

amended complaint, Plaintiff also filed a document labeled "Emergency Motion to Expedite Screening Due to Immediate Irreparable Harm." (ECF 10.) On July 8, 2026, Plaintiff filed an "Omnibus Supplemental Emergency Motion For Expedited Screening Pursuant to 28 U.S.C. § 1915(e)(2), Motion For An Immediate Ruling, and Supplemental Filing For The Prevention of Constructive Dismissal." (ECF 12.)

The Court construes these two new motions as a motion for preliminary injunctive relief and denies the motion.

To obtain preliminary injunctive relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

---

sole members—do not have standing to sue for wrongs to the corporate entity." *RIGroup LLC v. Trefonisco Mgmt. Ltd.*, 949 F. Supp. 2d 546, 552 (S.D.N.Y. 2013), *aff'd*, 559 F. App'x 58 (2d Cir. 2014). Courts have applied this rule to prohibit limited companies, like Jacobs Power Ltd., from proceeding without counsel in federal court. *See Weaver v. State of N.Y.*, 7 F. Supp.2d 234, 236 (W.D.N.Y. 1998) (dismissing claims brought by *pro se* litigant on behalf of limited company because for failing to retain counsel); *Penguin Books USA, Inc. v. New Christian Church of Full Endeavor, Ltd.*, No. 96-CV-4126 (RWS), 1997 WL 26720, at *1 (S.D.N.Y. Jan. 24, 1997) (ordering limited company to retain counsel); *Tabbs v. New Rochelle Neighborhood Revitalization Corp*., No. 94-CV-4753 (DLC), 1995 WL 546950, at *1 (S.D.N.Y. Sept. 14, 1995) (dismissing claims brought by *pro se* litigant on behalf of JMEB Landers, Ltd. for failing to obtain counsel).

The allegations in Plaintiff's amended complaint do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, the Court denies Plaintiff's motion for preliminary injunctive relief. (*See* ECF 10, 12.) The Court will issue an explanatory order at a later date.

**CONCLUSION**

The Court denies Plaintiff's request for preliminary injunctive relief. The Court directs the Clerk of Court to terminate the motions pending at ECF 10, 12.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 14, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge